DLD-341                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1645
_____

ANTHONY STOCKER MINA,
Appellant

v.

DA THOMAS HOGAN;
DA NICHOLAS CASENTA;
JUDGE JOHN MARK TUNNELL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2-14-mc-00259)
District Court Judge: Honorable Edward G. Smith

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 17, 2015
Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: September 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Stocker Mina sought permission to file in forma pauperis a motion under Federal Rule of Civil Procedure 60(b) to overturn state-court judgment dismissing his appeal of a conviction for a summary offense.[1] The District Court granted Mina's motion to proceed in forma pauperis and then sua sponte denied the Rule 60 motion and dismissed his action with prejudice. The District Court found that Mina could not challenge his state-court conviction for a summary offense pursuant to Rule 60(b), and that Mina could not file a habeas corpus petition pursuant to 28 U.S.C. § 2254 because he was not in custody or subject to a significant restraint on his liberty. That is because Mina suffered only a $100 fine and costs of approximately $239.50 when the state-court dismissed his summary appeal. See Obado v. New Jersey, 238 F.3d 716, 717 (3d Cir. 2003). Mina appeals the District Court's order dismissing his case.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed Mina's Rule 60(b) motion seeking to challenge his state-court conviction for a summary offense. As the District Court explained, Mina cannot challenge his state-court conviction in federal court under Rule 60(b). Any request that a federal court overturn a state-court conviction must be brought

---

[1] Mina's Rule 60(b) motion alleged that the state case involved a "ticket" for an "overweight . . . front axle."

in a habeas corpus petition.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that sole federal remedy for a state prisoner contesting fact or duration of confinement is a writ of habeas corpus pursuant to 28 U.S.C. § 2254).

Accordingly, we will summarily affirm the judgment of the District Court.